# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARCEL D. YELDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-05-611-T |
| | ) |
| MCDONALD TRANSIT ASSOCIATES, INC., | ) |
| d/b/a LAWTON AREA TRANSIT SYSTEM, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

The Court has before it "Defendant's Application to Admit Counsel Pro Hac Vice" filed July 12, 2005. In the Application, Defendant seeks to have Clay D. Humphries of Houston, Texas, admitted to this Court *pro hac vice* for the purposes of representing Defendant in this litigation. Attached to the Application is Mr. Humphries' completed "Request for Admission Pro Hac Vice." Attached to Mr. Humphries' request is a statement purporting to explain Mr. Humphries' affirmative response to the question regarding prior discipline.[1]

Without evaluating the underlying misconduct resulting in his suspension, the Court need only evaluate the lack of candor in his application presently before this Court.

---

[1] Mr. Humphries' explanatory statement provides, in its entirety:

In December 1990 I was suspended by Judge John McBryde from appearing in the U.S. District Court for the Northern District of Texas for 30 days for presenting conformed copies of two declarations to the Court when the original signatures were not on file. The State Bar of Texas disciplinary committee reviewed the charges and affirmatively found that I had not committed any misconduct of any kind.

The Court finds Mr. Humphries' explanation of his suspension by the U.S. District Court for the Northern District of Texas to be incomplete, misleading and disingenuous. In fact, undisclosed in his statement was that on appeal to the United State Court of Appeals for the Fifth Circuit, Mr. Humphries' misconduct was reviewed thoroughly and that court affirmed his suspension, finding that the declarations Mr. Humphries' described as having been "conformed when the original signatures were not on file" were, in fact, not signed at all, and that "all appellants [including Mr. Humphries] violated Rule 3.03 of the Texas Disciplinary Rules." American Airlines, Inc. v. Allied Pilots Association, 968 F.2d 523, 528 (5th Cir. 1992) (footnote omitted).[2] That court further found that the conduct of all appellants', including Mr. Humphries, "easily qualif[ied] as unethical conduct which is barred by" the district court's local rules. Id.

The Court's "Request for Admission Pro Hac Vice" form contains the following requirement: "I hereby request admission to the Bar of the Court PRO HAC VICE, in support of which I represent that the answers to the following questions are complete, true and correct." (Emphasis added.)

Mr. Humphries' representations are neither complete, true nor correct and thus fail the standards required for admission to practice before the Court. Application denied.

IT IS SO ORDERED this  14th  day of July, 2005.

RALPH G. THOMPSON
UNITED STATES DISTRICT JUDGE

---

[2] Rule 3.03 of the Texas Disciplinary Rules governs "Candor Toward the Tribunal." Id. at 528 n. 3.